## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SOPHIA LOFTIS,<br>    Plaintiff,<br>                          v.<br>PROGRESS RESIDENTIAL and<br>TIFFANY GREEN,<br>    Defendants. | Civil Action No.<br>1:23-cv-05654-SDG |

## OPINION AND ORDER

This matter is before the Court on a 28 U.S.C. § 1915(e)(2) frivolity review of *pro se* Plaintiff Sophia Loftis's complaint [ECF 3]. After careful review, the complaint is **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Loftis filed an application for leave to proceed *in forma pauperis*,[1] which was granted by United States Magistrate Judge Linda T. Walker.[2] Loftis's complaint alleges claims against Defendants Progress Residential and Tiffany Green under the Fair Housing Act (FHA).[3]

---

[1]    ECF 1.

[2]    ECF 2.

[3]    ECF 3.

## II.    LEGAL STANDARD

Section 1915 requires the Court to dismiss any action that is frivolous or that fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carrol v. Gross*, 984 F.2d 393, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

Plaintiff filed her complaint *pro se*. Accordingly, the Court must construe the complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted); *see also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III.    DISCUSSION

In Loftis's one-paragraph complaint, she alleges that Progress Residential "is actively participating in discriminatory action, by buying properties in predominately black neighborhoods, making the homes unavailable, [and]

3

driving up prices."[4] Loftis also claims that an unnamed leasing agent has referred to a "race[-]based statistic to withhold [Loftis's] deposit," and the leasing agent refused to provide her "MLS [number]."[5] Loftis is asking the Court for "all monies lost or spe[n]t during this process, up to $300,000.00."[6]

First, the complaint fails to state a claim as to Green because it does not allege any particular action taken by Green. The complaint lists Green as a defendant, states that she is a real estate broker, and lists the same street address in Alpharetta, Georgia for Progress Residential and Green.[7] However, the complaint does not refer to Green again. The complaint also refers to a Progress Residential leasing specialist named Michele Degeronimo, though it does not list her as a defendant.[8] The crux of the complaint is that a "leasing agent" referred to a race-based statistic in withholding Loftis's deposit.[9] Based on this description, the leasing agent was presumably Degeronimo. Because there are no allegations as to Green, the claim against Green fails.

---

[4] *Id.* ¶ III.

[5] *Id.*

[6] *Id.* ¶ IV.

[7] *Id.* ¶ I.

[8] *Id.*

[9] *Id.* ¶ III.

Second, the complaint fails to state sufficient facts that, accepted as true, would state a plausible claim against Progress Residential or anyone else. To state a claim under the FHA, Loftis "must allege unequal treatment on the basis of race that affects the availability of housing." *Jackson v. Okaloosa Cnty.*, 21 F.3d 1531, 1542 (11th Cir. 1994). This can be done by showing "(1) intentional discrimination, (2) discriminatory impact, or (3) a refusal to make a reasonable accommodation." *Bonasera v. City of Norcross*, 342 F. App'x 581, 583 (11th Cir. 2009) (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201 (11th Cir. 2008); *Hallmark Devs, Inc. v. Fulton Cnty.*, 466 F.3d 1276, 1283 (11th Cir. 2006)).

Because Loftis does not allege any details regarding the underlying transaction(s) at issue, it is impossible for the Court to determine how Progress Residential may have racially discriminated against Loftis, either intentionally or by discriminatory impact. Loftis's reference to a "race[-]based statistic"[10] is a hallmark of a disparate impact claim. *See Hallmark Devs.*, 466 F.3d at 1286 ("Typically, a disparate impact is demonstrated by statistics."). However, Loftis does not allege any details regarding the statistic or how it might operate to have a discriminatory impact upon a protected group. *Cf. Jackson*, 21 F.3d at 1543 (holding that "a showing of a significant discriminatory effect suffices to

---

[10]    *Id.*

demonstrate a violation of the Fair Housing Act" for purposes of stating a claim). Indeed, Loftis provides no indication as to how the alleged withholding of her deposit was discriminatory, nor does she explain the meaning or import of the leasing agent's "MLS number" as related to her FHA claim. The Court cannot discern how these allegations are connected to Loftis's allegations that Progress Residential is acquiring properties in predominately black neighborhoods. Taken together, Loftis has not stated a plausible FHA claim.

## IV.    CONCLUSION

The Court finds that Loftis's complaint [ECF 3] is subject to dismissal under 28 U.S.C. § 1915(e) and **ORDERS** that the complaint be **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 16th day of December, 2024.

Steven D. Grimberg
United States District Judge